NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WESCO INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LURETHA M. STRIBLING LLC, LURETHA M. STRIBLING, individually, and KEISHA STEVENS,<br><br>Defendants. | Civil Action No.: 15-3594 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Luretha M. Stribling's Motion to Dismiss Plaintiff Wesco Insurance Company's Amended Complaint. (ECF Nos. 7, 8.[1]) The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Defendant's Motion to Dismiss.

## BACKGROUND

Plaintiff issued a one-year professional liability policy to Defendant's law firm on November 16, 2014. (ECF No. 6 ("Am. Compl.") ¶ 7.) Plaintiff claims that Defendant knowingly made a false statement on the application that no member of the firm "was aware of any incident . . . that might result in a professional liability claim," despite the fact that a complaint Defendant had drafted on behalf of Keisha Stevens and other individuals was

---

[1] The Court notes that Plaintiff filed a motion to amend/correct the motion to dismiss (ECF No. 8), on account that the original motion (ECF No. 7) was missing certain elements required under the Local Civil Rules. The Court reviews both filings together.

dismissed for failing to comply with the Federal Rules of Civil Procedure. (*Id.* ¶ 22; *see also id.* ¶¶ 9–21, 23, 24.) On April 29, 2015, Keisha Stevens commenced an action against Defendant relating to that prior representation, and Defendant sought indemnification from Plaintiff. (*Id.* ¶ 8.) Instead, Plaintiff rescinded the policy and, on May 28, 2015, commenced this action seeking declaratory judgment confirming rescission along with compensatory damages under N.J.S.A. § 17:33A-7(a). (*Id.* ¶¶ 25, 27.)

Defendant filed a motion to dismiss (*see* ECF No. 7-1 ("Mov. Br.")), Plaintiff filed opposition (ECF No. 11 ("Opp. Br.")), and Defendant replied (ECF No. 18 ("Reply Br.")). The motion is now ripe for resolution.

## LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-

pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## ANALYSIS

Defendant argues that Plaintiff has a duty to defend and indemnify (Mov. Br. at 11–14), that the issue of coverage is better heard before the state court currently presiding over the malpractice action against Defendant (*id.* at 14–17), and that this action is mere gamesmanship to avoid having to indemnify Defendant, since Defendant did not subjectively believe that there might be a claim for legal malpractice against her when she filled out the application for insurance (*id.* at 17–20). Defendant also contends that there is not complete diversity of parties. (*Id.* at 12.)

Plaintiff responds that they have stated a claim upon which relief can be granted, because the law allows rescission of a claim based on material misrepresentations in application forms, and that the Court cannot address the merits of the claims at this stage. (Opp. Br. at 5.) In addition, Plaintiff argues that case law which prohibits the rescission of a policy after a claim has been filed does not apply to claims for legal malpractice and is limited to automobile and medical malpractice claims, and that there are no "innocent third parties" here. (*Id.* at 12–14.) Finally, Plaintiff contends that jurisdiction is proper in this Court because the state court

3

malpractice action cannot be considered a "parallel proceeding." (*Id.* at 15–16.)

First, the Court finds that it has jurisdiction over Plaintiff's Amended Complaint under 28 U.S.C. § 1332. Plaintiff has plead complete diversity of the parties and an amount in controversy exceeding the requisite threshold. (*See* Compl. ¶¶ 1–4.) In reviewing a motion to dismiss under Rule 12(b)(6), the Court "must accept all of the complaint's well-pleaded facts as true[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, the Court finds that venue is appropriate in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. (*See* Compl. ¶¶ 7–26.)

Second, the Court finds that, after thoroughly reviewing Plaintiff's Complaint, Plaintiff has sufficiently met its burden under Rule 8 in that the allegations plausibly give rise to an entitlement for relief. *See Burtch*, 662 F.3d at 221. Under New Jersey law,[2] "an insurer may rescind a policy when the insured makes a false statement in the insurance application that materially affects the acceptance of the insurance risk." *Booker v. Blackburn*, 942 F. Supp. 1005, 1008–09 (D.N.J. 1996) (citing *Scalia v. Lafayette Life Ins. Co.*, No. 92-3714, 1995 WL 631841 (D.N.J. Oct. 23, 1995) (applying New Jersey law); *Ledley v. William Penn Life Ins. Co.*, 138 N.J. 627, 637–38 (1995); *Massachusetts Mut. Ins. Co. v. Manzo*, 122 N.J. 104, 111 (1991)) (parallel citations omitted).

However, New Jersey law also recognizes exceptions for cases involving innocent third parties who make a claim before a policy is rescinded. For example, in the field of automobile

---

[2] "A federal court sitting in diversity must apply state substantive law and federal procedural law." *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). State law governs the interpretation of an insurance contract in a diversity action. *See Ruhlin v. New York Life Ins. Co.*, 304 U.S. 202, 205 (1938). Here, the parties do not dispute that New Jersey substantive law applies.

4

insurance, New Jersey courts have held that the rights of innocent third parties who might need to rely on insurance may not be infringed by the rescission remedy otherwise available to insurance carriers when a policy was procured by means of a material misrepresentation. *See, e.g., Rutgers Cas. Ins. Co. v. LaCroix*, 194 N.J. 515, 524–31 (2008); *Fisher v. N.J. Auto. Full Ins. Underwriting Ass'n*, 224 N.J. Super. 552, 557–59 (App. Div. 1988). This rationale was expanded to the field of medical malpractice insurance in *DeMarco v. Stoddard*, where the Appellate Division held that "[t]he statutory minimum coverages under our state laws are not subject to post-claim rescission by the insurance carrier because of the insured's fraud in procuring the policy." 434 N.J. Super. 352, 369 (App. Div.), *appeal granted*, 218 N.J. 270 (2014). Thus, at least in the fields of auto insurance and medical malpractice insurance, the rescission remedy available to a defrauded insurance carrier is "molded and shaped" by the court under equitable principles so that innocent third parties do not lose the benefits of mandatory insurance protection; instead, voided policies are reformed to provide the minimum liability coverage mandated by law. *See Citizens United Reciprocal Exch. v. Perez*, 432 N.J. Super. 526, 532–34 (App. Div. 2013); *N.J. Mfrs. Ins. Co. v. Varjabedian*, 391 N.J. Super. 253, 256–57 (App. Div. 2007).

What remains unclear, though, is whether this rationale extends to innocent third parties in the context of legal malpractice insurance. One distinguishing feature between legal malpractice insurance compared to auto insurance and medical malpractice insurance is that legal malpractice insurance coverage is governed by Rules of Court, whereas auto insurance and medical malpractice insurance coverage are mandated by statute.[3] In *DeMarco*, the Appellate

---

[3] *Compare*, R. 1:21–1B(a)(4) (setting forth professional liability insurance coverage requirements for LLCs engaged in the practice of law), *with* N.J.S.A. 45:9–19.17(a) (noting mandatory medical liability insurance coverage).

5

Division framed the issue by identifying an "underlying principle that an innocent party will be protected in circumstances where compulsory insurance laws require coverage, but that otherwise, the insurance carrier may rely on defenses that are not contrary to the public policy of the state." *DeMarco*, 434 N.J. Super. at 372. The most recent New Jersey Supreme Court case to address rescission of legal malpractice insurance appears to have left the question open by referring only generally to the "policies underlying our Rules of Court that seek to protect consumers of legal services by requiring attorneys to maintain adequate insurance . . . ." *First Am. Title Ins. Co. v. Lawson*, 177 N.J. 125, 143 (2003). Indeed, the *Lawson* Court emphasized that the rescission remedy depends on equitable principles, which "properly depends on the totality of the circumstances in a given case and resides within a court's discretion" and also includes "concern for the public." *Id.* at 143–44.

But although this appears to be an open issue of law, other courts have approved claims substantially similar to those plead by Plaintiff here. For example, in the 2001 decision in *Liebling v. Garden State Indemnity*, the New Jersey Appellate Division affirmed a trial court decision holding that an insurer could rescind an attorney's malpractice insurance policy as a result of material misrepresentations made on the application, after the attorney had been sued by a former client. 337 N.J. Super. 447, 466 (App. Div. 2001). Likewise, in 2007, the New Jersey Supreme Court affirmed the Appellate Division's decision (which had affirmed the trial court) that an insurer could rescind a legal malpractice policy after a claim had been filed against the insured attorney. *Liberty Surplus Insurance Corporation v. Nowell Amoroso, P.A.*, 189 N.J. 436, 453 (2007). Similarly, in *Colony Insurance Co. v. Kwasnik, Kanowitz & Associates, P.C.*, the plaintiff initiated an action "to rescind an insurance policy and recover damages as a result of

6

false statements made on an application for professional liability insurance." No. 12-722, 2014 WL 2920810, at *1 (D.N.J. June 27, 2014). Although the opinion does not state whether the action was initiated post-claim, the district court applied New Jersey law and granted summary judgment in favor of the plaintiff after finding that the defendant had made false statements on the insurance application regarding past and possible future claims for malpractice which were material to the risk assumed by the plaintiff. *Id.* at *5.

Thus, the Court is convinced that at this early stage of the proceedings, Plaintiff has adequately stated a claim upon which relief can be granted. *Cf. McDonough v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, No. CIV.A. 09-571 SRC, 2011 WL 4455994, at *2 (D.N.J. Sept. 23, 2011) (noting that "an adequately-pled complaint must set forth facts that, taken as true, show that the plaintiff is plausibly entitled to relief") (quoting *Iqbal*, 129 S.Ct. at 1950).

Furthermore, the state court malpractice action involving Defendant is not a parallel proceeding such that the Court should decline to exercise jurisdiction. *See Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014). As the Third Circuit has noted, "the mere existence of a related state court proceeding does not require a district court to decline to exercise jurisdiction under the [Declaratory Judgment Act]." *Id.* at 143 (internal quotation omitted). The malpractice action in state court is not a parallel proceeding because it is not a proceeding "in which all the matters in controversy between the parties could be fully adjudicated." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). Simply put, whether Defendant committed malpractice as a result of failing to comply with the Federal Rules of Civil Procedure is distinct from whether Plaintiff properly rescinded the policy based upon a material misrepresentation.

## **CONCLUSION**

For the reasons above, the Court denies Defendant's Motion to Dismiss. (ECF Nos. 7, 8.) An appropriate Order accompanies this Opinion.

DATED: September 11, 2015

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

8